UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:08-CR-00135-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| LLOYD BRIDGES WALLACE, | ) | |
| Defendant | ) | |

This matter is before the court on defendant's motion to correct his sentence pursuant to Fed. R. Crim. P. 35(a). The government has filed a response in opposition to the motion.

On 5 April 2011, after the Court of Appeals for the Fourth Circuit vacated and remanded this case for re-sentencing, the court sentenced defendant to a total term of imprisonment of 48 months. On 7 April 2011, defendant, through counsel, filed the instant motion. Defendant states that two issues should have been presented to the court at the sentencing hearing, and he requests that the court consider them now. Those issues are (1) defendant should not have received a four-level enhancement for the amount of loss and (2) defendant should not be required to pay restitution to International Incorporated. (Mot. at 1-2.) Defendant also suggests that his criminal history is not as extensive as the U.S. Attorney argued at sentencing. (Id. at 2.) Defendant argues that had these issues been presented to the court, his sentence might have been reduced. (Id. at 3.)

Rule 35(a) permits a court, within 14 days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error." Although defendant does not specifically state so, it appears that defendant contends the court committed "clear error" under Rule 35(a).

> Every relevant authority agrees that the scope of "clear error" correctable under Rule 35(a) is extremely narrow. *See, e.g.*, Fed.R.Crim.P. 35(a) advisory committee's note ("The authority to correct a sentence under [Rule 35(a) ] is intended to be very narrow and to extend only to . . . errors which would almost certainly result in a remand of the case . . . .") (1991 Amendments); *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997); [*United States v. Fraley*, 988 F.2d 4, 6-7 (4th Cir. 1993)]. Although courts take different approaches to Rule 35(a), all essentially agree that "clear error" under the Rule requires some reversible error at the initial sentencing (or here, the initial resentencing) hearing. *See, e.g., United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999); *see also United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008); *United States v. Lett*, 483 F.3d 782, 788 (11th Cir. 2007).

United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009).

First, defendant claims it was error for the court to increase his offense level based on the amount of loss. The court determined the amount of loss associated with defendant's possession of stolen mail (Count One) to be approximately $22,000. Pursuant to U.S.S.G. § 2B1.1(b)(1)(C), defendant's base offense level was increased four levels for this amount. Defendant appears to contend that because he also received a consecutive sentence for aggravated identity theft (Count Thirteen), Application Note 2 to U.S.S.G. § 2B1.6 precludes any enhancement for amount of loss. That Application Note provides:

> Inapplicability of Chapter Two Enhancement.— If a sentence under this guideline [for the offense of aggravated identity theft] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). "Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7).

2

U.S.S.G. § 2B1.6, App. N. 2 (2010). By the Note's plain language, application of *all* specific offense characteristics is not prohibited, but rather only those offense characteristics based on "the transfer, possession, or use of a means of identification." Unlike an adjustment based on the specific offense characteristic in U.S.S.G. § 2B1.1(b)(10),[1] the specific offense characteristic associated with the amount of loss in § 2B1.1(b)(1) does not pertain to "the transfer, possession, or use of a means of identification," and its application is not barred by the Application Note. Cf. United States v. Wallace, No. 09-4700, slip. op. at 5 (4th Cir. Dec. 3, 2010) (vacating defendant's sentence because the two-level increase under § 2B1.1(b)(10)(C)(i) should not have been applied as defendant also received a mandatory consecutive sentence for the aggravated identity theft count).

Second, defendant argues that the court should not have ordered restitution to International Incorporated because he was not indicted or charged with any wrongdoing in connection with that entity. International Incorporated is the business at which defendant cashed stolen checks, and it lost approximately $7100 as a result of defendant's criminal conduct. Pursuant to a plea agreement, defendant agreed "[t]o make restitution to any victim including any victim with respect to any Counts dismissed as part of the agreement in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A." (Plea Agreement ¶ 2(b).) Both

---

[1]This guideline provision states:
> If the offense involved (A) the possession or use of any (i) device-making equipment, or (ii) authentication feature; (B) the production or trafficking of any (i) unauthorized access device or counterfeit access device, or (ii) authentication feature; or (C)(i) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification, increase by 2 levels. If the resulting offense level is less than level 12, increase to level 12.

U.S.S.G. § 2B1.1(b)(10).

the Victim and Witness Protection Act and the Mandatory Victims Restitution Act of 1996 ("MVRA") permit a plea agreement to enlarge the scope of restitution beyond that authorized by either act. See 18 U.S.C. §§ 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."), 3663A(a)(3) ("The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."); United States v. Squirrel, 588 F.3d 207, 217 (4th Cir. 2009) (recognizing that "[the defendants] acknowledge that the MVRA permits a plea agreement to broaden the scope of a defendant's conduct which would subject him to an order of restitution . . . ."). Defendant does not contend that International Incorporated is not a victim of his criminal conduct. Therefore, it was not error for the court to order defendant to pay restitution to International Incorporated in accordance with the plea agreement.

Finally, regarding defendant's criminal history, there is no specific error on the court's part to which defendant points, and therefore, defendant is not entitled to any sentence correction based on his criminal history.

The motion for correction of sentence is DENIED.

This 14 April 2011.

W. Earl Britt
Senior U.S. District Judge

4

Case 5:08-cr-00135-BR   Document 61   Filed 04/14/11   Page 4 of 4